UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CREATION SUPPLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 14 C 8856 |
| ) | |
| SELECTIVE INSURANCE COMPANY ) | |
| OF THE SOUTHEAST, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is the motion of Defendant Selective Insurance Company of the Southeast ("Selective") to dismiss the First Amended Complaint ("Complaint" or "Compl.") of Plaintiff Creation Supply, Inc. ("CSI") pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 17. For the reasons in the Statement below, Selective's motion is granted as to Count III of CSI's Complaint, and otherwise denied.

### STATEMENT

Selective's motion asserts that CSI's Complaint fails to allege a cognizable claim for violation of Illinois Insurance Code "section 155," 215 ILCS 5/155 (Count I), breach of contract (Count II), and violation of the Illinois Consumer Fraud Act (Count III); and that the entire Complaint should be dismissed pursuant to the abstention doctrine established by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), due to other litigation still pending between Selective and CSI in the Circuit Court of Cook County. The Court begins with the latter challenge.

**1.** *Colorado River*

While the litigation history between Selective and CSI has been long and arduous, the following brief summary will suffice for present purposes. According to CSI's Complaint, CSI requested its insurer, Selective, to defend and indemnify CSI in connection with an "Underlying Oregon Action," and Selective refused and instead filed a declaratory judgment action in the Circuit Court of Cook County seeking a declaration that it had no duty to defend CSI: *Selective Ins. Co. of the Se. v. Creation Supply, Inc.*, No. 12-CH-24438 Cir. Ct. Cook Cnty. filed July 2, 2012) [hereinafter the "Cook County Action"]. *See* Compl., Dkt. 16, ¶¶ 6, 21-25. The Circuit Court ruled against Selective on that question in December 2013, *id.* at ¶ 39, and CSI filed this case seeking sanctions under section 155 for Selective's continuing "failure to pay after having been judicially determined to have a duty to defend CSI." *See* Dkt. 1, ¶ 40. When the Illinois Appellate Court affirmed the Circuit Court's duty-to-defend ruling in February 2015, CSI amended its Complaint in this case, alleging that "Selective has continued to refuse to pay CSI any of the fees or expenses it has incurred in connection with the Underlying Oregon Action," and asserting the claims Selective now moves to dismiss. *See* Compl., Dkt. 16, ¶¶ 71-72. Meanwhile, proceedings have continued in the Cook County Action regarding the specific dollar amounts Selective owes under its duty to defend CSI. *See* CSI Mem., Dkt. 29, at 1-2.

Selective contends that the Cook County Action is "parallel" litigation, requiring dismissal of this case under the *Colorado River* doctrine, because "there is a

substantial, if not definite, likelihood that the state court litigation will dispose of all of the claims presented in this federal court case." Selective Mem., Dkt. 18, at 10. The Court disagrees. As Selective acknowledges, although CSI previously asserted a section 155 counterclaim in the Cook County Action, that claim was dismissed on Selective's motion in January 2013. *Id*. at 2. And although the parties dispute whether CSI's breach of contract counterclaim in the Cook County Action was also dismissed,[1] the presiding judge in that case has made clear that he does not regard that claim as still pending and does not intend to address it. *See* CSI Sur-Reply, Dkt. 26, at 1 and Ex. A at 4 (noting "surprise" at assertion that CSI's breach of contract counterclaim remains pending). To this Court's eye, the Cook County Action does not appear parallel, and "any doubt that cases are parallel" means that "a district court should not abstain." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011).

But even if the cases were parallel, upon due consideration of the factors identified by the Seventh Circuit, the Court concludes that no "exceptional circumstances" justify abstention. *See id*. at 647-48 (identifying factors); *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 500 (7th Cir. 2011) ("The court's task 'is not to

---

[1] This dispute stems from the December 19, 2013 Circuit Court Order from which Selective appealed, which stated: "all issues being decided, this order is a final and appealable order." *See* CSI Ex. F., Dkt. 29-1, at 81. Selective (and the Illinois Appellate Court) read this language under Ill. Sup. Ct. Rule 304(a) to mean that the Order resolved "fewer than all parties or claims," *see* Selective Reply, Dkt. 22, at 3, and Ex.4, Dkt. 22-4, at 7; although the Order indicates the opposite by reciting "all issues being decided." CSI, on the other hand, apparently contends that its breach of contract claim was dismissed at some juncture, *see* CSI Sur-Reply, Dkt. 26, at 1 and Ex. A at 4 (asserting that "there was a dismissal without prejudice"), although it fails to explain when or how. As will be seen, however, this dispute is immaterial here.

3

find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.'" (emphasis in original, quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)). First, because CSI's section 155 and breach of contract claims are not being addressed in the Cook County Action, and the judge presiding over that case has stated his intention to "consider when and how to enter final judgment," CSI Ex. F., Dkt. 29-1, at 17, this Court has no concerns over "piecemeal litigation" or "the relative progress" of the two cases. *See Huon*, 657 F.3d at 647-48 (listing "piecemeal litigation" and "relative progress" factors). Indeed, that the Cook County Action is nearing conclusion suggests its inadequacy to protect the interests CSI asserts here. *See id.* (requiring consideration of "the adequacy of state-court action to protect the federal plaintiff's rights"). Contrary to Selective's argument, moreover, it does not appear to this Court that "CSI is attempting to litigate matters at the heart of the state court action in federal court in an attempt to avoid Judge Flynn's [the state judge's] orders," given that Selective apparently asked the state judge to enjoin CSI from prosecuting this action and was refused. *See* Selective Mem., Dkt. 18, at 12; Compl., Dkt. 16, ¶¶ 69-70.

These factors weigh heavily against abstention, and the remaining "absent or neutral factors" likewise "weigh in favor of exercising jurisdiction." *See Huon*, 657 F.3d at 648 ("because of the presumption against abstention, absent or neutral factors

4

weigh in favor of exercising jurisdiction"). In sum, Selective's *Colorado River* argument rests on the mere "pendency of another lawsuit" in which CSI's breach of contract claim may (or may not) still be pending. But the Seventh Circuit has held firmly that such potential overlap, at most, raises the specter of *res judicata* issues that "lay in the future," which are insufficient to surmount the "'unflagging obligation' to exercise the jurisdiction Congress has conferred." *Huon*, 657 F.3d at 649 (quoting *Colorado River*, 424 U.S. at 813).

### 2. The Section 155 Claim (Count I)

Selective's substantive argument for dismissing CSI's section 155 claim fares no better. Beginning with the premise that section 155 sanctions are unavailable where "there is a *bona fide* coverage dispute," Selective contends that such a *bona fide* dispute exists here "as a matter of law," because Selective "sought a judicial determination regarding its rights and obligations under its policy," *i.e.*, the Cook County Action. *See* Selective Mem., Dkt. 18, at 5-6. According to Selective, "CSI's own allegations regarding the extensive litigation that took place in the state court action, the fact that Judge Flynn has not yet entered a money judgment on the declaration, and the fact that the appellate court issued a 21-page opinion discussing all of the various *bona fide* coverage disputes that existed in this case" demonstrate "that a *bona fide* coverage dispute existed (and still exists)." *Id.* at 6. Perhaps so (though the Court makes no such determination here), but these facts alone would not insulate Selective from section 155 sanctions.

5

Selective is right that "insurers are entitled to defend reasonable positions in litigation without this additional cost under section 155." *TKK USA, Inc. v. Safety Nat's Cas. Corp.*, 727 F.3d 782, 795 (7th Cir. 2013). Still, while the appropriateness of sanctions under section 155 is a matter committed to the Court's judgment and discretion, it is also one that "must be assessed based on the totality of the circumstances, taken in broad focus." *Cook v. AAA Life Ins. Co.*, 2014 IL App (1st) 123700, ¶¶ 47-48, 13 N.E.3d 20, 36-37. No "single factor taken by itself is controlling in determining if a delay is vexatious or unreasonable." *Id*. (quoting *Keller v. State Farm Ins. Co.*, 180 Ill. App. 3d 539, 555, 536 N.E.2d 194, 204 (5th Dist. 1989)); *Med. Protective Co. v. Kim*, 507 F.3d 1076, 1086-87 (7th Cir. 2007) ("Whether an insurer acted unreasonably or vexatiously presents an issue of fact . . . requiring courts to consider the totality of circumstances") (citations omitted)). Not even payment can "defeat a claim for unreasonable delay under section 155," where the insurer nevertheless unreasonably disputed the amount owed, prolonged the process for determining the correct amount, or unjustifiably delayed payment. *See McGee v. State Farm Fire and Cas. Co.*, 315 Ill. App. 3d 673, 683, 734 N.E.2d 144, 152-53 (2d Dist. 2000) (reversing dismissal of complaint).

"Similarly, an insurer cannot defeat a claim for unreasonable delay under section 155 simply by establishing that the procedural steps that resulted in the delay were authorized by the policy." *Id*. While a *bona fide* (but unsuccessful) declaratory judgment action and non-frivolous appeal might avoid sanctions under section 155, an

6

insurer still may incur sanctions for other conduct in the same litigation that otherwise delayed the proceedings. *See TKK*, 727 F.3d at 794-96 (district court correctly denied section 155 sanctions for declaratory judgment action that "took a reasonable legal position on an unsettled issue of law" and an appeal that "was not frivolous," whereas district court correctly awarded section 155 sanctions for motion for reconsideration that lacked "new argument, law, or fact").

That is, at least in part, what CSI alleges here. According to its Complaint, "Selective has not paid any of the invoices tendered by CSI," Compl., Dkt. 16, ¶ 67; has failed to mediate as agreed, *id*. at ¶ 65, made only a $35,000 settlement offer after "CSI had presented Selective with over $200K in invoices for Selective to pay," *id*. at ¶¶ 47-48; and "has continued to refuse to pay CSI any of the fees or expenses it has incurred in connection with the Underlying Oregon Action," even after the Illinois Appellate Court affirmed its duty to defend. *Id.* at ¶¶ 71-72. Because these allegations must be accepted as true on a motion to dismiss, *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013), the Court is unable to conclude at this stage of the proceedings that Selective has not acted unreasonably or vexatiously so as to subject it to sanctions under section 155. *See McGee*, 315 Ill. App. 3d at 685, 734 N.E.2d at 154 (although "defendant may be able to present evidence establishing that its evaluation of plaintiff's loss had a rational basis in fact and that its settlement offer was reasonable . . . the issue of whether its settlement offer was reasonable would remain a disputed issue of fact that would preclude dismissal").

### 3. The Breach of Contract Claim (Count II)

Selective's motion to dismiss CSI's breach of contract claim fails for similar reasons. Selective argues: "Under Illinois law,[2] an insurance carrier that questions whether it has an obligation to defend an insured is expressly entitled to file a declaratory judgment action in order to determine whether such a duty exists." Selective Mem., Dkt. 18, at 6. But, while an insurer "has the option of filing a declaratory judgment action and waiting to act until after its policy obligations are determined," *Eclipse Mfg. Co. v. U.S. Compliance Co.*, 381 Ill. App. 3d 127, 136, 886 N.E.2d 349, 357 (2d Dist. 2007), a declaratory judgment action does not permanently insulate an insurer from breach of contract liability.[3] Here, CSI alleges that Selective's duty to defend has been determined and affirmed, yet "Selective has continued to refuse to pay CSI any of the fees or expenses it has incurred in connection with the Underlying Oregon Action." Compl., Dkt. 16, ¶¶ 71-72. Under the language of *Eclipse*, these allegations state a valid breach of contract claim.

---

[2] Because the Court's jurisdiction is based on diversity, Compl., Dkt. 16, ¶ 4, and the parties agree that Illinois law applies to CSI's claims (*see* Selective Mem., Dkt 18, at 6; CSI Opp., Dkt. 21, at 12), the Court applies Illinois law. *See Berrey v. Travelers Indem. Co. of Am.*, 770 F.3d 591, 594 (7th Cir. 2014).

[3] Selective's citation of *Lihosit v. State Farm. Mut. Auto. Ins. Co.*, 264 Ill. App. 3d 576, 636 N.E.3d 625 (1st Dist. 1993), for the proposition that "[a] declaratory judgment action allows an insurance carrier to avoid breaching any contractual duties under the insurance policy," Dkt. 18 at 6-7, is perplexing. *Lihosit* held only that the plaintiff lacked standing to challenge the insurance provision at issue, and therefore could not represent a class of plaintiffs challenging that provision. *Id*. It has no bearing on the issue raised here—whether an insurer may be subject to a breach of contract claim if it persists in refusing to defend "after its policy obligations are determined." *See Eclipse*, 381 Ill. App. 3d at 136, 886 N.E.2d at 357.

Similarly unavailing is Selective's contention that CSI's breach of contract claim remains "unripe" until "Selective refuses to comply with a judgment order on the plaintiff's fee petition" in the Cook County Action. Selective Reply, Dkt. 22, at 11. For one thing, this argument confuses breach of contract with contempt. But in any case, the circuit court has now ordered Selective to pay certain amounts in connection with its duty to defend CSI. *See* Dkt. 29-1 at 17. Taking judicial notice of this activity in the Cook County Action,[4] on June 25, 2015, this Court directed Selective and CSI to submit "a brief statement regarding the impact of such activity, if any," on Selective's motion to dismiss. *See* Dkt. 28. While Selective did not respond to this directive, CSI submitted a statement explaining that the circuit court has now issued an Order requiring Selective to pay $217,002.86, and that "Selective is acting to further delay payment to CSI" by seeking a stay "until after all of its appeals have been heard." Dkt. 29, at 2-3. These allegations, which the Court must also credit on a motion to dismiss, indicate that CSI's breach of contract claim is now ripe even by Selective's reasoning. *See* Selective Mem., Dkt. 18, at 7 (acknowledging viability of breach of contract claim if "Selective fails to comply with the trial court's order on CSI's motion for further relief"); Reply, Dkt. 22, at 11 (same).[5]

---

[4] *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (court may take judicial notice of public records on motion to dismiss).

[5] Consistent with *Geinosky*, 675 F.3d at 745 n.1, the Court credits such supplemental allegations made in opposition to Selective's motion to dismiss that are "consistent with the pleadings." It is therefore unnecessary for CSI to "seek to amend its First Amended Complaint to include these latest facts as part of its allegations of Selective's Section 155 violation and breach of contract." *See* CSI Mem., Dkt. 29, at

9

### 4. The Consumer Fraud Act Claim (Count III)

This leaves Selective's challenge of CSI's purported claim for violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2. In support of this claim, CSI re-alleges Selective's actions of "denying coverage to CSI" and "failing to pay CSI's fees and expenses, including undisputed portions thereof, in the Underlying Oregon Action for over one year after having been judicially determined to have a duty to defend CSI." Compl., Dkt. 16, ¶ 101. Selective rightly asserts that "a Consumer Fraud Act claim that alleges the conduct proscribed by Section 155 is preempted by Section 155 and is subject to dismissal." Selective Mem., Dkt. 18, at 8 (citing *Cook*, 2014 IL App (1st) 123700, at ¶ 31, 13 N.E.3d at 33 ("When the conduct is merely a breach of contract or conduct proscribed by section 155, a Consumer Fraud Act claim on that basis is preempted by section 155.")). CSI tacitly concedes this point, and offers "to voluntarily dismiss Count III . . . without prejudice," CSI Opp., Dkt. 21, at 1, 12, an offer Selective rejects, insisting instead on dismissal "with prejudice." Selective Reply, Dkt. 22, at 2. The only question, then, is whether Count III should be dismissed with, or without, prejudice.

The Seventh Circuit has made clear that the right of "voluntary dismissal" provided under Fed. R. Civ. P. 41(a) is "limited to dismissal of an entire action." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). A plaintiff's request to dismiss a single claim, therefore, must be treated as a request to amend its complaint by

---

3 n.1. Any additional factual bases for CSI's claims should be sought and disclosed in discovery, not amended pleadings.

dropping that claim, which is instead governed by Fed. R. Civ. P. 15(a). *Id*. Rule 15(a), in turn, provides that leave to amend should be freely given "when justice so requires," meaning that a district court may allow such amendment on conditions that are just. *See* Wright, Miller & Kane, 6 *Federal Practice and Procedure*, § 1486 (3d ed. 2010) ("The imposition of terms often will further the rule's liberal amendment policy."); *see also Tex. Ujoints LLC v. Dana Holding Corp.*, No. 13-C-1008, 2014 WL 4443276, at *2-3 (E.D. Wis. Sept. 9, 2014) (citing Wright & Miller in weighing conditions for dismissal of claim in response to motion to dismiss).

Here, CSI offers no substantive opposition to Selective's argument for dismissing the Consumer Fraud Act claim with prejudice, and provides no hint at a justification for dismissing that claim without prejudice. Accordingly, given Rule 15(a)'s requirement to allow amendment as justice requires, whether considered under Selective's motion to dismiss or a deemed motion to amend by CSI, the outcome is the same—CSI's legally deficient Consumer Fraud Act claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants Selective's Motion to Dismiss, Dkt. 17, as to Count III of CSI's First Amended Complaint, which is dismissed with prejudice; Selective's Motion to dismiss is otherwise denied.

_____

Dated: August 14, 2015        Charles P. Kocoras
                              United States District Judge

11